IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 95-40948
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LAVERNE JONES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CR-20-1
- - - - - - - - - -
July 18, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Laverne Jones appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute crack cocaine. Jones contends that the district court erred by adjusting his offense level upward for Jones's role in the offense; that the cocaine base in his case was not crack cocaine; and that the district court erred by attributing to him 5.61 kilograms of crack cocaine.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The presentence report and the testimony at sentencing support the district court's finding that Jones was a leader or organizer of criminal activity involving five or more people or was otherwise extensive; the upward adjustment was not clearly erroneous. *United States v. Boutte*, 13 F.3d 855, 860 (5th Cir.), *cert. denied*, 115 S. Ct. 71 (1994); *United States v. Barreto*, 871 F.2d 511, 512 (5th Cir. 1989).

Jones did not contend in the district court that the cocaine base in which he trafficked was not crack; his contention is a factual question that could have been resolved by the district court had he raised that contention there. Jones cannot demonstrate plain error. *See United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

The indictment alleged that Jones conspired with intent to distribute 50 grams *or more* of crack cocaine; his contention that the indictment limited the amount of crack on which his sentence could be based is unavailing. In his objections to the presentence report, Jones implicitly agreed with the cocaine-to-crack conversion ratio applied by the district court and with the conversion of the amount of powder cocaine formerly in empty wrapping material to crack cocaine for sentencing. Jones may not now complain of the conversion ratio or the conversion of the powder cocaine in the wrapping material. *See Tel-Phonic Servs., Inc. v. TBS Int'l Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). The district court's attribution of 5.28 kilograms of crack cocaine based on the six kilograms of cocaine found to have been in the empty wrapping material was supported by the presentence report

and the testimony at sentencing; the district court's factual finding was not clearly erroneous.  *United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1096 & 1552; 115 S. Ct. 292 (1994).

AFFIRMED.